Filed 3/5/24  Hunter v. LAACO Ltd. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RUBY HUNTER,<br><br>　　Plaintiff and Appellant,<br><br>　　　　v.<br><br>LAACO LTD,<br><br>　　Defendant and Respondent. | G061794<br><br>(Super. Ct. No. 30-2018-01038749)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Derek W. Hunt, Judge.  Affirmed.

Ruby Hunter, in pro. per., for Plaintiff and Appellant.

Wood, Smith, Henning & Berman, Fred R. Vasquez and Vania M. Caro for Defendant and Respondent.

\*　　　　\*　　　　\*

Plaintiff Ruby Hunter, who is representing herself, appeals the trial court's confirmation of an arbitration award in favor of LAACO Ltd., dba Storage West (LAACO), a self-storage company. Her sole brief fails to meet her burden to demonstrate reversible error. Accordingly, we affirm the judgment.

I

FACTS

We draw the facts from the record. On June 23, 2014, Hunter entered into a written month-to-month lease for the rental of a self-storage unit in Lake Forest. The rent was $359 per month, and the lease, which included an arbitration clause, also had provisions for late fees and other charges. A witness named Arthur Masaoka provided LAACO a check on Hunter's behalf for the first payment, but that check was returned for insufficient funds. No other rental payments were ever made by Hunter or on her behalf. Further, the address and phone number that Hunter provided were incorrect.

On July 10, 2014, LAACO posted a preliminary lien notice. In August, LAACO received notice that Hunter had filed for bankruptcy, and accordingly, it did not proceed with the lien sale. Hunter's address was also corrected around this time.

LAACO attempted to collect the unpaid rent for several years, but it was unsuccessful. In August 2017, LAACO posted a new notice of lien sale and served Hunter with the notice. She did not respond. LAACO then sent Hunter an auction notice, which Hunter received. She did not appear at the auction sale and the contents of her unit were sold to a third party.

In December 2018, Hunter filed a complaint against LAACO for violations of Business and Professions Code section 17200[1] (alleging a violation of § 21713.5), and for "Customer Data Security Breach under the Federal Trade Commission Act," citing

---

[1] Subsequent statutory references are to the Business and Professions Code unless otherwise indicated.

2

title 15 United States Code, sections 41 through 58. LAACO filed two motions to compel arbitration, the second of which was granted by the court. On August 19, 2020, Hunter submitted a demand for arbitration with the Judicial Arbitration and Mediation Service (JAMS), which included the rental agreement. At some point, LAACO filed a counterclaim for the rent and fees it alleged Hunter owed.

Arbitration was conducted during multiple remote sessions between May 17 and May 21, 2021. In a written decision, the arbitrator determined that LAACO complied with the relevant portions of the California Self-Storage Facility Act (the Act) (§ 21700 et seq.), including the notice and lien provisions. Further, the rental agreement itself was valid and enforceable, and Hunter breached its provisions by failing to pay rent and other fees. With respect to her claim under the Federal Trade Commission Act, the arbitrator found Hunter lacked standing and failed to offer evidence of any claim under this statute. The arbitrator found Hunter liable on LAACO's breach of contract claim, and determined LAACO was entitled to an award of $16,370.05, which became the arbitrator's final award on May 24, 2021.

On August 16, LAACO filed a petition to confirm the arbitration award. Hunter filed a motion to "Stay Arbitration Award. . . [and] Transfer from Arbitration Back to State Court." LAACO opposed. This motion was denied on October 8.

On November 10, with LAACO's petition to confirm still pending, Hunter filed a petition to vacate the award. On November 12, the court granted the petition to confirm the award. On December 10, the court denied the petition to vacate. A subsequent petition to reconsider was also considered and denied. The court entered judgment on the arbitration award on July 12, 2022.

Hunter now appeals.

3

II

DISCUSSION

*Request for Judicial Notice*

Hunter's request for judicial notice of the Register of Actions is granted. (Evid. Code, § 452, subd. (d).) Her request as to the written transcript of the arbitration hearing is denied because it was not attached to her request. (Cal. Rules of Court, rule 8.252.)

*California Arbitration Statutes and Standard of Review*

"The California Arbitration Act (CAA; [Code Civ. Proc.,] § 1280 et seq.) 'represents a comprehensive statutory scheme regulating private arbitration in this state.'" (*Cooper v. Lavely & Singer Professional Corp.* (2014) 230 Cal.App.4th 1, 10; see *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 (*Moncharsh*).) Under the CAA, "[t]he scope of judicial review of arbitration awards is extremely narrow because of the strong public policy in favor of arbitration and according finality to arbitration awards. [Citations.] An arbitrator's decision generally is not reviewable for errors of fact or law." (*Ahdout v. Hekmatjah* (2013) 213 Cal.App.4th 21, 33; see *Moncharsh*, *supra*, 3 Cal.4th at pp. 11-12.) Judicial review of an arbitration award is ordinarily limited to the statutory grounds for vacating an award under section 1286.2 or correcting an award under section 1286.6. (*Moncharsh*, *supra*, 3 Cal.4th at pp. 12-13; see *Sunline Transit Agency v. Amalgamated Transit Union, Local 1277* (2010) 189 Cal.App.4th 292, 302-303.)

As for the relevant standard of review, "We apply a highly deferential standard of review to the award itself, insofar as our inquiry encompasses the arbitrator's resolution of questions of law or fact. Because the finality of arbitration awards is rooted in the parties' agreement to bypass the judicial system, ordinarily '"[t]he merits of the controversy between the parties are not subject to judicial review."'" (*Cooper v. Lavely & Singer Professional Corp.*, *supra*, 230 Cal.App.4th at p. 12.)

4

We are also bound by the principal that a lower court's judgment or order is presumed correct, and it is the appellant's burden to demonstrate error. (*Los Angeles Unified School Dist. v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 492.)

Hunter raises two arguments in support of reversal,[2] but neither fall within the narrow scope of matters subject to appellate review after arbitration.

*"Surprise" Under Code of Civil Procedure Section 473, Subdivision (b)*

In a one-paragraph argument, Hunter quotes this oft-cited provision of the Code of Civil Procedure regarding relief from a dismissal, order, or other proceeding due to "mistake, inadvertence, surprise, or excusable neglect."[3] The rest of her argument on this point, stated in full, contends: "The dismissal and order entered against Appellant should be vacated because it was entered due to the surprise of not anticipating that the entire case would be dismissed on the day of trial for not being able to effectively and completely explain all the valid reasons why the Plaintiff/Appellant was not ready for trial on the day of trial and a request for a brief two to three week trial continuance as a result of the subject illness and surgery."

It is unclear what "dismissal and order" she refers to or what "surprise" took place. The only proceeding that could be called a trial in this matter is the hearing before the arbitrator, which, as noted above, took place over several days in May 2021.

---

[2] During oral argument, Hunter raised many new factual issues that were not mentioned in her brief. We cannot entertain such matters.

[3] Hunter refers us to an "attached declaration" in support of this argument. But there is no substantive declaration attached. The only "declaration" states, in its entirety: "I, Ruby Hunter, declare from within my personal knowledge and can and will be able to competently testify thereto as follow: [¶] xx [¶] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct." Moreover, even if there was a substantive declaration, because it is not part of the record on appeal, we could not consider it.

5

The arbitrator's order reflects that Hunter was present and testified as a witness. Hunter has failed to meet her burden to demonstrate error.

*"Illegality"*

Hunter's next and final claim is "illegality," which she claims can be raised at anytime, citing *Lewis & Queen v. N. M. Ball Sons* (1957) 48 Cal.2d 141. This appears to be an attempt to raise a public policy argument about illegal contracts. In that case, the Supreme Court held that the lower court properly precluded the plaintiff, a subcontractor, from recovering from the defendant, the principal contractor, because the parties had entered into an illegal contract to circumvent certain provisions in a state contract. Accordingly, the type of "illegality" that case refers to is where the contract itself is illegal and precluded by public policy on its face. That is not the situation in the present case. There is nothing demonstrating the form contract signed between LAACO and Hunter, and promptly breached by Hunter, was illegal on its face.

In sum, Hunter does not raise any issue that is reviewable following an arbitration decision. A bare claim of "public policy" would, if recognized, abrogate entirely the rule stating that arbitration decisions are final.

6

## III

## DISPOSITION

The judgment is affirmed.  LAACO is entitled to its costs on appeal.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


SANCHEZ, J.

7